**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America, Petitioner-Appellee,**

v.

**Jonathan GARRETT, Witness-Appellant.**

**No. 85–6165.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 1985[*].

Decided Oct. 11, 1985.

---

[*] The panel is unanimously of the opinion that oral argument is not required in this case. Fed. R.App.P. 34(a).

Philip A. DeMassa, San Diego, Cal., for appellant.

Patrick K. O'Toole, Asst.U.S.Atty., on the brief, Peter K. Nunez, U.S.Atty., San Diego, Cal., for appellee.

Before WRIGHT, GOODWIN and ALARCON, Circuit Judges.

PER CURIAM:

Jonathan Garrett appeals the district court's judgment holding him in civil con-tempt for refusing to testify before the grand jury. He argues that he has demon-strated just cause for his refusal to testify based on his claim that he has been subject-ed to illegal electronic surveillance.

A grand jury witness may refuse to answer questions based on the illegal interception of his communication. 18 U.S.C. § 3504; *Gelbard v. United States*, 408 U.S. 41, 52, 92 S.Ct. 2357, 2363, 33 L.Ed.2d 179 (1972). If the witness makes a preliminary showing that he was a victim of illegal electronic surveillance, the government must unequivocally affirm or deny the use of such surveillance. *United States v. Gardner*, 611 F.2d 770, 774 (9th Cir.1980); *United States v. Alter*, 482 F.2d 1016, 1026–27 (9th Cir.1973). The witness' claim must be sufficiently concrete and specific before the government is required to make a like response, however. *United States v. See*, 505 F.2d 845, 856 (9th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975). If the witness makes only a general or unsupported claim, the government need not make a particu-larized response. *Id.* Thus, the specificity of the government's response, and the com-prehensiveness of the search upon which the response is based, must be measured against the specificity and support of the witness' allegations to determine whether the government has sufficiently responded to the claim. *Gardner*, 611 F.2d at 774; *See*, 505 F.2d at 856. *Accord, United States v. Vielguth*, 502 F.2d 1257, 1260 (9th Cir.1974) (per curiam).

Garrett's claim of illegal electronic sur-veillance is supported only by his own affi-davit. He states that he has had difficulty with telephones over the past nine years, such as hearing clicks or humming noises during conversations. He also states that voices have sounded faint and hollow as if coming from a distance, and that at times it has sounded as if two persons were on the line. He believes that his attorneys' and his mother's telephones have been subject-ed to illegal electronic surveillance. Gar-rett has not provided affidavits from any

other persons to corroborate his allegations.

The government responded with four affidavits from government agents working on the case under investigation. The agents stated that electronic surveillance has not been used in the investigation to gather evidence for use against any of the suspected coconspirators.

The government's response is sufficient in light of the specificity and support of Garrett's claim. *See, e.g., Gardner*, 611 F.2d at 774; *See*, 505 F.2d at 856. Garrett has not demonstrated just cause for his refusal to testify before the grand jury.

**Affirmed.**