In re **GRAND JURY PROCEEDINGS.**

**Alfredo Carlos GARCIA–ROSELL,**
**Witness–Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 89–35729.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 1989 *.

Decided Nov. 3, 1989.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); Circuit Rule 34–4.

Mark Bennett Weintraub, Portland, Or., for witness-appellant.

Kenneth C. Bauman, Asst. U.S. Atty., Portland, Or., for appellee.

Before HUG, WIGGINS, and BRUNETTI, Circuit Judges.

PER CURIAM.

Alfredo Carlos Garcia–Rosell appeals the district court's judgment holding him in civil contempt for refusing to testify before the grand jury subsequent to a grant of immunity. We affirm the district court's adjudication of contempt.[1]

I. Fifth Amendment Protection

A grand jury witness may be held in civil contempt if he refuses without just cause to testify. 28 U.S.C. § 1826. Garcia–Rosell contends that his refusal to testify is justified because: (1) the Fifth Amendment protects him from testifying on matters that were the subject of his criminal conviction while the appeal of that conviction is pending; and (2) the Fifth Amendment pro-

---

1. The district court ordered Garcia–Rosell detained for a period of eighteen months, or until the grand jury expires or Garcia–Rosell agrees to testify. At the time of the district Court's order, Garcia–Rosell was serving a twenty year sentence for violation of several federal drug laws. This sentence has been suspended while he serves the sentence for civil contempt.

tects him from being compelled to give testimony that may later be used against him in a foreign prosecution.

■ Garcia–Rosell argues that the Fifth Amendment prohibits compelling a convicted defendant, through a grant of use immunity, to testify to matters which are the subject of an appeal filed by that defendant. There is no Ninth Circuit authority for this proposition. Appellant's reliance on *United States v. Schwimmer*, 882 F.2d 22 (2d Cir.1989), is misplaced. *Schwimmer* held that, so long as the government proves that its evidence at any subsequent retrial is derived from sources independent of the immunized testimony, the grant of use immunity to obtain testimony from a convicted defendant whose appeal is pending does not violate the Fifth Amendment. *Schwimmer*, 882 F.2d at 25. The *Schwimmer* court relied on *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), in reaching this result. We adopt this rule of *Schwimmer* and hold that a witness whose appeal is pending may be compelled to testify by a grant of use immunity, as was done in Garcia–Rosell's case.

■ Garcia–Rosell next contends that this circuit should adopt a rule prohibiting a prosecutor who tries a case against a defendant from later conducting any grant jury examination of that same defendant. To support this argument, Garcia–Rosell again relies on the *Schwimmer* case.

The *Schwimmer* court suggested that "[W]ithout deciding the issue, it would appear prudent for the government in the event of a retrial to establish a so-called 'Chinese Wall' between its prosecutors exposed to the present grand jury testimony ... and those prosecutors who may be assigned to retry the defendant." 882 F.2d at 26. This suggestion is clearly dicta and does not control this case. Garcia–Rosell's argument that the prosecutor who tried Garcia–Rosell should be prohibited from examining him before a current grand jury fails.

Garcia–Rosell next contends that the Fifth Amendment protects him from giving testimony that might later be used against him in a foreign prosecution. Garcia–Rosell submitted an affidavit to the district court in which he averred that, should he eventually be deported to his native Peru, he would face criminal charges based on the same activities which formed the basis of his conviction in the United States. Garcia–Rosell claims that his refusal to testify before the grand jury is therefore justified because of a well-founded fear that any information he might provide could later be used against him in a Peruvian prosecution.

■ This argument is foreclosed by the previous decisions of this circuit. A grand jury witness may not refuse to testify on the ground that his testimony might be used against him in a foreign prosecution. *See In re Campbell*, 628 F.2d 1260, 1262 (9th Cir.1980); *In re Federal Grand Jury Witness (Lemieux)*, 597 F.2d 1166, 1167 (9th Cir.1979); *In re Weir*, 495 F.2d 879, 881 (9th Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974).

Accordingly, the district court did not abuse its discretion in adhering to the rule in this circuit regarding fear of foreign prosecution and in rejecting Garcia–Rosell's Fifth Amendment arguments.

## II. Harassment or Improper Purposes

Garcia–Rosell next contends that the prosecutor in this case is using the grand jury for purposes of harassment or to improperly gather evidence against Garcia–Rosell in the event of a retrial. The sum total of evidence presented by Garcia–Rosell in support of his charge consists of his own affidavit which states this assertion in bald, conclusory terms. Garcia–Rosell contends that the government has failed to rebut the allegation.

The government responded to the allegation of harassment in the October 2 hearing before the district court on the order to show cause why Garcia–Rosell should not be held in contempt for refusing to testify. The Assistant United States Attorney stated: "... I don't think there is any evidence and I categorically deny that the grand jury has been called nor the witnesses have

been called before the grand jury for harassment."

Garcia–Rosell contends that the government's rebuttal is insufficient. The only case that Garcia–Rosell cites as support is *United States v. McLean,* 565 F.2d 318 (5th Cir.1977), which held that absent allegations of harassment or prosecutorial misuse of the system, the government was not required to make a preliminary showing justifying its request for certain evidence. This holding is similar, if not identical, to the conclusion reached by this court in *In re Hergenroeder,* 555 F.2d 686 (9th Cir. 1977) (per curiam).

■ Garcia–Rosell's reliance on *McLean* is misplaced for several reasons. First, *McLean* does not affirmatively state what the government must show to rebut allegations of harassment or improper use of a grand jury. Second, *McLean* does not impose a burden on the government to refute vague charges, such as are made here, with a greater degree of specificity than was exhibited by the person making the charge. We have rejected the need for imagining an improper purpose where a witness has supplied no evidence to support the charge, the government has denied it, and the trial court has found no evidence of such an improper purpose. *In re Grand Jury Proceedings (Pressman),* 586 F.2d 724, 725 (9th Cir.1978) [citations omitted]. Therefore, we reject Garcia–Rosell's harassment argument.

III. Illegal Electronic Surveillance

Finally, Garcia–Rosell contends that the district court erred in finding that the government sufficiently rebutted his claim that the questions he faced before the grand jury were derived from illegal electronic surveillance.

■ A grand jury witness may refuse to answer questions based upon the illegal interception of his communications. 18 U.S.C. § 2515; *Gelbard v. United States,* 408 U.S. 41, 52, 92 S.Ct. 2357, 2363, 33 L.Ed.2d 179 (1972). When a witness claims that the prosecution's questions are based on illegal electronic surveillance, the government must affirm or deny the use of

such surveillance. 18 U.S.C. § 3504(a)(1); *United States v. See,* 505 F.2d 845, 855–56 (9th Cir.1974), *cert. denied,* 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975). The requisite specificity of the government's denial and the comprehensiveness of the search upon which it is based are measured against the specificity of the witness' allegations of unlawful surveillance and the strength of the support for those allegations. *See In re Grand Jury 11–84,* 799 F.2d 1321, 1324 (9th Cir.1986); *United States v. Gardner,* 611 F.2d 770, 774 (9th Cir.1980). A witness' general or unsupportable claim requires only a general response. *See In re Grand Jury Proceedings (Garrett),* 773 F.2d 1071, 1072 (9th Cir.1985); *See,* 505 F.2d at 856.

Garcia–Rosell's allegations of illegal electronic surveillance are vague and unsupported by facts. He argues that the government's denial of this charge was inadequate because it was not based on sworn testimony but rather solely on the statements made by the Assistant United States Attorney at the October 2 hearing before the district court.

■ Where a claim of illegal electronic surveillance is vague and unsupported, we have found it unnecessary to address the adequacy of the government's response. *See,* 505 F.2d at 856. Because Garcia–Rosell's allegations of surveillance are vague and unsupported, the government's general denial is adequate under *See,* even though not made through affidavits or sworn testimony. The district court did not err in finding the government's response sufficient.

IV. Garcia–Rosell's Response to Order to Show Cause

■ In the order setting the briefing schedule for this appeal, we ordered appellant's counsel to show cause why he should not be sanctioned for failure to comply with Ninth Circuit Rule 3–2. Rule 3–2 explicitly imposes a requirement on an appellant to notify the criminal motions unit of this court both orally and in writing of the pendency of a recalcitrant witness appeal within 24 hours of filing the notice of

appeal. This rule is designed to facilitate the processing of recalcitrant witness appeals, which, by statute, must be resolved within 30 days of their filing. 28 U.S.C. § 1826(b).

Garcia–Rosell filed his notice of appeal in this matter on October 6, 1989. He failed, however, to notify the criminal motions unit in any manner. The criminal motions unit was not apprised of the pendency of this appeal until October 17, 1989, when the notice of appeal was received by the Ninth Circuit Clerk's Office.

Garcia–Rosell's counsel has submitted an affidavit in response to the order to show cause why he should not be sanctioned for the above violation. In this affidavit, counsel claims that ignorance of Rule 3–2 caused his failure to follow its requirements. Ignorance does not excuse his failure to comply with the dictates of the rule which are essential to the speedy resolution of recalcitrant witness appeals. Accordingly, counsel for Garcia–Rosell is sanctioned in the amount of $250.00, payable to the Clerk of this Court within 30 days of the filing of this opinion, for his failure to comply with Rule 3–2.

CONCLUSION

The district court's judgment of contempt is affirmed.

AFFIRMED.