## In Re GRAND JURY PROCEEDINGS.

**Kimberly TRIMIEW, Witness–Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 93–35953.

United States Court of Appeals,
Ninth Circuit.

Oct. 20, 1993.

Stephen A. Houze, Portland, OR, Leslie R. Weatherhead, Spokane, WA, for witness-appellant Kimberly Trimiew.

Frank Wilson, Asst. U.S. Atty., Spokane, WA, for appellee U.S. of America.

Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.

### ORDER

The district court held Witness/Appellant Kimberly Trimiew in contempt of court and ordered her confined for refusing to answer questions before the grand jury. The district court also denied Trimiew's motion for bail pending appeal. Trimiew filed a timely notice of appeal.

Trimiew now moves for bail pending appeal in this court. Under the recalcitrant witness statute, no person confined pursuant to an order of civil contempt shall be admitted to bail pending appeal if it appears that the appeal is frivolous or taken for purposes of delay.[1] 28 U.S.C. § 1826(b); *In re Grand Jury Proceedings (Goodman)*, 825 F.2d 224 (9th Cir.1987).

In denying the motion for bail, the district court found that the appeal was not frivolous or entered for purposes of delay. The district court nevertheless denied bail because it applied the "substantial question" test for bail pending appeal in a direct criminal ap-

---

1. 28 U.S.C. § 1826(b) states in pertinent part: No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay.

peal. The district court applied the wrong test. *See* 18 U.S.C. § 3143(b).[2]

Trimiew contends that she is a target of grand juries in Oregon, Eastern Washington and possibly three other districts. Trimiew states that her appeal will urge that she is entitled to Fifth Amendment protections which were not contemplated by the Supreme Court in *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

In *Kastigar*, the Supreme Court held that the government can compel testimony from an unwilling witness who invokes the Fifth Amendment privilege against self-incrimination by conferring use immunity protections. *Kastigar*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212. Trimiew is correct in asserting that *Kastigar* does not address the issue she poses, namely whether it would be appropriate for the district court to invoke special protections in order to afford the witness Fifth Amendment protections against prosecution in the other districts.

Trimiew's issue on appeal is not frivolous. Accordingly, appellant's motion for bail pending appeal is granted.

This case is remanded to the district court for the limited purpose of enabling that court to establish appropriate conditions of release.

---

**2.** 18 U.S.C. 3143(b) states in pertinent part: "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment and who has filed an appeal ... be detained, unless the judicial officer finds— ... that the appeal raises a substantial question of law."