In re GRAND JURY PROCEEDINGS.

Kimberly TRIMIEW, Witness–Appellant,

v.

UNITED STATES of America, Appellee.

No. 93–35953.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 1993.*

Decided Nov. 12, 1993.

See also 9 F.3d 1388.

---

* The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34–4.

Leslie R. Weatherhead, Witherspoon, Kelley, Davenport & Toole, Spokane, WA, Stephen A. Houze, Portland, OR, for witness-appellant.

Frank A. Wilson, Asst. U.S. Atty., Spokane, WA, for appellee.

Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.

## OPINION

### INTRODUCTION

■ Appellant Kimberly Trimiew appeals from the district court judgment holding her in contempt for refusing to testify before the grand jury. This court reviews the district court's adjudication of civil contempt for abuse of discretion. *United States v. Grant*, 852 F.2d 1203, 1204–1205 (9th Cir.1988). This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1826(a). We affirm.

### BACKGROUND

■ On or about July 7, 1993, appellant Kimberly Trimiew was subpoenaed to testify before a grand jury in Spokane, Washington. On August 9, 1993, the district court signed an order granting Trimiew immunity, pursuant to 18 U.S.C. § 6002. On August 10, 1993, Trimiew appeared before the grand jury. The Assistant United States Attorney attempted to question Trimiew regarding her alleged participation in bombings and other actions of the animal rights movement which occurred in jurisdictions other than the Eastern District of Washington. Trimiew invoked her Fifth Amendment privilege against self-incrimination and refused to testify.

Trimiew argued that because she is a target in a multi-district investigation, use and derivative use immunity were insufficient to protect her Fifth Amendment rights. Trimiew requested that the district court order the Justice Department to "can" the evidence it now has against Trimiew, and present it at an in camera hearing. Alternatively, Trimiew suggested that the government agree to give Trimiew transactional immunity. The government refused to agree to additional safeguards as requested by Trimiew.

The district court denied Trimiew's request for procedural safeguards to protect her Fifth Amendment privilege, and indicated that it believed that Trimiew's rights would be protected through the provisions of a hearing pursuant to *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972). We agree.

After Trimiew confirmed that she would not testify before the grand jury, the district court held Trimiew in contempt and placed her in the custody of the United States Marshal.

### ANALYSIS

18 U.S.C. § 6002 states in pertinent part: Whenever a witness refuses, on the basis of his privilege against self-incrimination to testify ... before or ancillary to—a court or grand jury of the United States, ... no testimony or other information compelled under the order ... may be used against the witness *in any criminal case*.... (emphasis added).

The Supreme Court has held that the United States can compel testimony from an unwilling witness who invokes the Fifth Amendment privilege against self-incrimination by conferring use immunity, as provided by 18 U.S.C. § 6002. *Kastigar*, 406 U.S. at 453, 92 S.Ct. at 1661 (1972).

The Court further held that if a witness is indicted after testifying before a grand jury, the district court should hold an evidentiary hearing. At this hearing (a *Kastigar* hearing), the government would have the burden of showing, by a preponderance of the evidence, that the evidence it proposed to use was derived from a legitimate source wholly independent of the compelled testimony. *Id.* at 460, 461, 92 S.Ct. at 1664, 1665.

In *Kastigar*, the Supreme Court held that use immunity alone is coextensive with the scope of the privilege against self-incrimination. *Kastigar*, 406 U.S. at 453, 92 S.Ct. at 1661. The Court stated that "[T]he privilege has never been construed to mean that one who invokes it cannot subsequently be prosecuted. Its sole concern is to afford protection against being 'forced to give testimony

leading to the infliction of penalties affixed to ... criminal acts.'" *Id.* The Court also stated, "The statute provides a sweeping proscription of any use, direct or indirect, of the compelled testimony and any information derived therefrom." *Id.* at 460, 92 S.Ct. at 1664. The *Kastigar* court's decision was based on a single jurisdiction situation. *Id.* at 457, 92 S.Ct. at 1663.

Trimiew contends that the district court abused its discretion and denied her Fifth Amendment privilege against self-incrimination by refusing to order that special safeguards beyond those provided by *Kastigar* be taken to ensure against accidental or intentional use of her compelled testimony in possible prosecutions in more than one federal jurisdiction.

Specifically, appellant argues that the multi-jurisdictional nature of the investigation, allegedly involving the Justice Department, United States Attorney's Offices in different districts, the FBI, and the ATF, subjects her to an extremely high risk that her Fifth Amendment rights would be violated. Although this appeal presents an issue of first impression, we are unpersuaded by Trimiew's contentions.

Trimiew believes that information sharing has been and will be taking place among the prosecuting authorities in different districts. She is probably correct. Fed.R.Cr.P. 6(e)(2) provides that grand jury testimony and records are generally kept secret. This rule also, however, provides that government attorneys may disclose information obtained through a grand jury to other government attorneys or government personnel. Fed.R.Cr.P. 6(e)(3)(A). In fact, the Department of Justice Manual states that it is the policy and intent of Rule 6 to share grand jury information wherever appropriate. Department of Justice Manual § 9–11—260 (1992 Supp.).

Based on this sharing of information, appellant argues that if she testifies in Spokane and is later indicted in another jurisdiction, she will *never* be able to trace or prove violations of her Fifth Amendment privilege. She argues that because so many agencies are investigating the actions of the animal rights movement throughout the United States, the information will become intertwined, and it will be impossible to create a clear history of what information was obtained through which of the various sources, including Trimiew's testimony to the grand jury in Spokane. This contention provides no basis for the imposition of special protections prior to indictment.

As the district court held, the procedure afforded Trimiew by a *Kastigar* hearing provides sufficient protection of her Fifth Amendment rights.[1] The multi-jurisdictional nature of the investigation may add a layer to any eventual *Kastigar* hearing. This does not, however, create a situation where it will be impossible to determine the origin of the information. If Trimiew is indicted in any jurisdiction, she will be entitled to a *Kastigar* hearing in order to determine whether her indictment was based in any way on her own testimony to the grand jury in Spokane. *See* 18 U.S.C. § 6002; *Kastigar*, at 460–61, 92 S.Ct. at 1664–65.

Accordingly, the district court's judgment of contempt is **AFFIRMED.**

---

**1.** Supporting this position is this court's recent adoption of the holding of *United States v. Schwimmer*, 882 F.2d 22 (2d Cir.1989). *In Re Grand Jury Proceedings (Garcia–Rosell)*, 889 F.2d 220, 222 (9th Cir.1989).

