21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS (Two Titles).
Deborah STOUT, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
Kimberly Jeannine TRIMIEW, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 94-35200, 94-35201.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Appellants Deborah Stout and Kimberly Trimiew appeal from the district court judgments holding them in contempt for refusing to testify before the grand jury. This court reviews the district court's adjudication of civil contempt for an abuse of discretion. United States v. Grant, 852 F.2d 1203, 1204-05 (9th Cir.1988). This court has jurisdiction pursuant to 28 U.S.C. Secs. 1291, 1826(a). We affirm.
 
 BACKGROUND
 
 3
 In early January 1994, appellants Trimiew and Stout were each granted use immunity and were ordered to testify before the grand jury pursuant to 18 U.S.C. Sec. 6002. On January 25, 1994, Trimiew and Stout appeared before the grand jury under subpoena and refused to respond to questions posed, on claims of Fifth Amendment privilege. The government moved for Trimiew and Stout to be held in contempt. At a district court hearing held on February 18, 1994, Trimiew and Stout contended that because they are targets of multiple jurisdictional investigations, and because the procedures associated with a hearing pursuant to United States v. Kastigar, 406 U.S. 441 (1972) vary among the federal jurisdictions in which they are potential targets, the use immunity extended to them under 18 U.S.C. Sec. 6002 was not coextensive with their Fifth Amendment right to remain silent. Appellants request that this court institute certain procedural requirements into any future Kastigar hearings to protect their Fifth Amendment rights.[1]
 
 ANALYSIS
 
 4
 In November 1993, this court affirmed a contempt citation, pursuant to 28 U.S.C. Sec. 1826(a), against appellant Trimiew. In re Grand Jury Proceedings (Trimiew), 9 F.3d 1389 (9th Cir.1993) (Trimiew II).[2] This court held that a hearing pursuant to Kastigar alone is sufficient to protect a grand jury witness' Fifth Amendment rights, and that a multiple jurisdiction investigation did not entitle a grand jury witness to special protections prior to a Kastigar hearing. Trimiew II, 9 F.3d at 1391.
 
 
 5
 Appellants request that we establish specific procedures in any future Kastigar hearing to ensure that their Fifth Amendment rights are protected. Specifically, appellants request that this court order the district court to guarantee that it will provide "procedural rights" including a full evidentiary hearing, conducted before appellants are tried, complete discovery, establishing the burden of proof to be used at this hearing, and ensuring that any compelled testimony is not used for a "non-evidentiary" purpose.[3]
 
 
 6
 This request is premature. In Trimiew II, this court held that a witness held in civil contempt is not entitled to the imposition of special protections prior to indictment. Trimiew II, 9 F.3d at 1391. In Kastigar, the Supreme Court held that a witness is entitled to a hearing if the witness is "subsequently prosecuted." Kastigar, 406 U.S. at 460. Here, appellants have not been indicted in any jurisdiction. It is unclear where, when and if they will be prosecuted. It is premature to request that this court instruct the district court how to conduct a Kastigar hearing which may never occur. Appellants are not entitled to enunciation of special procedural rights prior to indictment. Trimiew II, 9 F.3d at 1391. Accordingly, the district court judgments of contempt are AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In Kastigar, the Supreme Court held that if a witness is indicted after testifying before a grand jury, the district court should hold an evidentiary hearing. At this hearing, the government has the burden of showing, by a preponderance of the evidence, that the evidence it proposes to use to prosecute the witness is derived from a legitimate source wholly independent of the compelled testimony. Kastigar, 406 U.S. at 460-61
 
 
 [2]
 Trimiew I is a published order holding that Trimiew was entitled to bail pending appeal because the issue she presented was not frivolous. In re Grand Jury Proceedings (Trimiew), 9 F.3d 1388 (9th Cir.1993)
 
 
 [3]
 Trimiew and Stout allege that they are targets of grand jury investigations in up to 15 jurisdictions, including the District of Oregon and the Eastern District of Washington. These two district courts are under our jurisdiction. 28 U.S.C. Sec. 41. Appellants request that we exercise jurisdiction over all district courts in the United States where they might be targets of a grand jury investigation. This court has jurisdiction only over district courts which it statutorily embraces. 28 U.S.C. Secs. 41, 1294. Accordingly, we cannot dictate to district courts outside of our jurisdiction how to conduct Kastigar hearings