**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: GRAND JURY INVESTIGATION,
2003R01576.

JOHN DOE,
            *Witness-Appellant,*

v.

UNITED STATES OF AMERICA,
                        *Appellee.*

No. 05-17136

D.C. No.
CR-05-90295-SI

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Submitted December 5, 2005

Filed December 8, 2005
Amended February 8, 2006

Before: Alfred T. Goodwin, William A. Fletcher and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Rita Hao, Gonzalez & Leigh, LLP, San Francisco, California, for the appellant.

Elise Becker, Office of the United States Attorney, San Francisco, California, for the appellee.

**ORDER**

The Opinion filed on December 8, 2005, and appearing at 430 F.3d 1227 (9th Cir. 2005) is hereby amended, and the amended Opinion will be filed concurrently with this Order.

With the Opinion as amended, the panel has voted to deny Appellant's Petition for Rehearing.

The Petition for Rehearing is DENIED.

Further petitions for rehearing or for rehearing en banc will be entertained by this court.

---

**OPINION**

PER CURIAM:

John Doe appeals the district court's order holding him in civil contempt pursuant to 28 U.S.C. § 1826. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's finding of contempt for abuse of discretion, *see In re Grand Jury Proceedings (Lahey)*, 914 F.2d 1372, 1373 (9th Cir. 1990) (per curiam), and affirm.[1]

**I.**

Doe argues that the district court erred by holding him in contempt for his refusal to answer the questions posed to him by the government before the grand jury. Specifically, Doe contends that the government did not meet its burden of proof in responding to his allegations that he has been the subject of illegal surveillance.

[1] "A grand jury witness may refuse to answer questions based on the illegal interception of his communication." *In re Grand Jury Proceedings (Garrett)*, 773 F.2d 1071, 1072 (9th Cir. 1985) (per curiam) (citing 18 U.S.C. § 3504 and *Gelbard v. United States*, 408 U.S. 41, 52 (1972)). *See also* 18 U.S.C.

---

[1]Although 28 U.S.C. § 1826(b) requires disposition of an appeal within 30 days and this opinion is being filed after the expiration of this time limit, Doe has waived the 30-day deadline.

§ 2515. "If the witness makes a preliminary showing that he was a victim of illegal electronic surveillance, the government must unequivocally affirm or deny the use of such surveillance." *Garrett*, 773 F.2d at 1072. However, the specificity required of the government's response is measured by the specificity and strength of the witness's allegations. *See id.* Thus, "[a] witness' general or unsupportable claim requires only a general response." *In re Grand Jury Proceedings (Garcia-Rosell)*, 889 F.2d 220, 223 (9th Cir. 1989) (per curiam).

## II.

Doe submitted two declarations to make his preliminary showing that he was a victim of unlawful surveillance. The first declaration, received by the district court on September 27, 2005, alleges generally and without factual support that Doe was the subject of unlawful surveillance. The second declaration, filed October 12, 2005, states, in pertinent part, that Doe has heard "clicks" during phone calls made to or from the telephone number he uses. It also states that the legal mail Doe has exchanged with an attorney has been intercepted on two occasions. For example, the mail has been delivered separately from the regular mail and, on another occasion, on a postal holiday when there was no regular mail delivery.[2] In response, the government submitted two declarations. The first of these was made by the assistant U.S. attorney assigned to this case ("the AUSA declaration"), and states that neither the decision to call Doe before the grand jury nor the questions asked of him "were the product of or based upon the exploitation of any electronic surveillance." The second declaration was made by an FBI agent assigned to the case ("the FBI agent declaration"), and states generally that the government is unaware of any electronic surveillance of Doe.

---

[2]In his second declaration, Doe also posits that some of the questions asked by the government, such as questions regarding his current and past addresses and phone numbers, could have been "guided by information" gleaned from electronic sources.

**[2]** As the district court found, Doe's two declarations suffice as "a preliminary showing that he was a victim of illegal electronic surveillance." *Garrett*, 773 F.2d at 1072. We have serious doubts regarding the adequacy of the FBI agent declaration in rebutting Doe's claims. The FBI agent declaration does not "unequivocally affirm or deny the use of such surveillance." *Id.* Rather, it is based on hearsay testimony of an unnamed electronic surveillance technician in the San Francisco FBI field office and only unequivocally attests to the absence of surveillance records "maintained by the FBI" insofar as known to that technician. Moreover, the FBI agent declaration concedes that there is a "well-established practice" of federal, state and local law enforcement agencies cooperating with the FBI, but the declaration addresses the possibility that such other agencies may have been surveilling Doe only with the statement that the FBI agent is "unaware of any electronic surveillance involving Mr. Doe conducted by any other law enforcement agency." This falls short of an unequivocal denial.

### III.

**[3]** Given the generic nature of the questions asked of Doe during his September 21, 2005 appearance before the grand jury, and in light of the information already known to the government independent of any unlawful surveillance, we hold that Doe cannot invoke 18 U.S.C. § 3504 as a defense to the district court's judgment finding him in civil contempt. He has not shown that the government's questions were the "primary product" of unlawful surveillance or were "obtained by the exploitation" of any unlawful surveillance. 18 U.S.C. § 3504(a)(1). Our previous cases have assumed an arguable causal connection between the questions being posed to the grand jury witness and the alleged unlawful surveillance. *See, e.g.*, *Worthington v. United States*, 799 F.2d 1321, 1323 (9th Cir. 1986) ("A federal grand jury witness may refuse to answer questions, or to respond to requests to produce testimonial evidence, *derived* from the illegal interception of his

or her communications.") (emphasis added); *Garrett*, 773 F.2d at 1072 ("A grand jury witness may refuse to answer questions *based* on the illegal interception of his communication.") (emphasis added). *Cf. In re Grand Jury Witness (Whitnack)*, 544 F.2d 1245, 1246-47 (9th Cir. 1976) ("Because the appellant has suggested no causal connection between any monitoring of her friend's telephone and the grand jury's request for the evidence sought to be produced, we do not reach the question of the appellant's standing to challenge the eavesdropping, if any, of a telephone she does not claim as her own or even allege she ever used.").

This does not shift the burden to the federal grand jury witness to prove that unlawful surveillance has taken place. Rather, the grand jury witness is merely obliged to make a "preliminary showing that he or she was the victim of illegal electronic surveillance." *Worthington*, 799 F.2d at 1323. However, there must be some arguable causal connection, apparent on the face of the witness's allegation, between the questions being posed to the grand jury witness and the alleged unlawful surveillance.

**[4]** The government already had a legitimate independent basis to consider Doe a person of interest in the investigation that led to the grand jury proceedings at issue in this case. Doe was detained by FBI officers after he was observed inspecting the premises of the prime suspect in an investigation. He concedes that he cooperated with the FBI after his detention and provided them with substantially all of the information the government sought to elicit from him under oath before the grand jury. The nature of the questions posed to Doe before the grand jury is so generic that the questions do not suggest any reliance on surveillance of any sort. Indeed, the AUSA declaration specifically states that the questions the AUSA asked were neither "the primary product [n]or based upon the exploitation of any electronic surveillance." Although this statement is conclusory, the nature of the questions posed to Doe confirms the statement's suffi-

ciency here. Accordingly, we affirm the district court's finding Doe in contempt for refusing to answer the specific questions at issue.

## IV.

**[5]** For these reasons, the district court's contempt order is affirmed. We hold that Doe is in contempt of court for refusing to comply with the grand jury subpoena dated June 22, 2005. Doe can purge himself of contempt by answering the questions posed to him by the government before the grand jury on September 21, 2005.

**AFFIRMED.**[3]

---

[3] In light of this holding, Doe's alternative request that the government be restricted in its line of questioning is denied. We note, however, that if the government strays from its previous lines of questioning and poses a question that appears likely to be derived from illegal surveillance, Doe might have a valid reason for refusing to answer. *See In re Bacon*, 466 F.2d 1196, 1197 (9th Cir. 1972) (per curiam) ("We find nothing in section 3504 which precludes a grand jury witness from invoking that procedure *at any time* during the interrogation.") (emphasis added).