THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Webster

March 7, 2022

Opposition No. 91248007 (Parent)
Opposition No. 91248009

*Revolution Jewelry Works, Inc.*

*v.*

*Stonebrook Jewelry, LLC DBA Revolution Jewelry*

**Before Zervas, Lykos, and Lynch,**
**Administrative Trademark Judges.**

**By the Board:**

On June 18, 2021, Stonebrook Jewelry, LLC ("Applicant"), filed a motion for discovery sanctions in the nature of judgment under Trademark Rule 2.120(h)(1), 37 C.F.R. § 2.120(h)(1).[1] Applicant alleges that counsel for Revolution Jewelry Works, Inc. ("Opposer") filed a response to Applicant's April 19, 2021 motion for summary judgment without redacting from public view Applicant's confidential information,

---

[1] Trademark Rule 2.120(h)(1) states, in relevant part, "[i]f a party fails … to comply with **an order of the Trademark Trial and Appeal Board relating to disclosure or discovery,** including a protective order, the Board may make any appropriate order, including those provided in Rule 37(b)(2) of the Federal Rules of Civil Procedure, except that the Board will not hold any person in contempt or award expenses to any party. The Board may impose against a party any of the sanctions provided in Rule 37(b)(2) in the event that said party or any attorney, agent, or designated witness of that party fails to comply with a protective order made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." (Emphasis added).

disclosed Applicant's documents marked "Attorney's Eyes Only" to Opposer's principal, and allowed Opposer's principal to attend, without revealing her presence, the Fed. R. Civ. P. 30(b)(6) deposition of Applicant, which the parties had agreed would be treated as "Attorney's Eyes Only" in its entirety. The motion is fully briefed.

## I.    Background

Under Trademark Rule 2.116(g), 37 C.F.R. § 2.116(g),[2] the Board's Standard Protective Order is automatically in place to govern the exchange of information. Consistent with Board practice, both parties to this proceeding – which are represented by counsel – were so notified in the May 7, 2019 institution order for this proceeding. The institution order states in relevant part:

> The Board's Standard Protective Order is automatically imposed in all inter partes proceedings …. During their [discovery] conference, the parties should discuss whether they will use an alternative or modified protective order, subject to approval by the Board. *See* Trademark Rule 2.116(g) [37 C.F.R. § 2.116(g)] and [TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE] TBMP § 412. The standard order does not automatically protect confidential information; its provisions for designating confidential information must be utilized as needed by the parties. Trademark Rule 2.126(c) [37 C.F.R. § 2.126(c)] sets forth the procedure for filing confidential submissions.[3]

---

[2] Trademark Rule 2.116(g) reads as follows: "The Trademark Trial and Appeal Board's standard protective order is automatically imposed in all inter partes proceedings unless the parties, by stipulation approved by the Board, agree to an alternative order, or a motion by a party to use an alternative order is granted by the Board. The standard protective order is available at the Office's web site. No material disclosed or produced by a party, presented at trial, or filed with the Board, including motions or briefs which discuss such material, shall be treated as confidential or shielded from public view unless designated as protected under the Board's standard protective order, or under an alternative order stipulated to by the parties and approved by the Board, or under an order submitted by motion of a party granted by the Board. The Board may treat as not confidential that material which cannot reasonably be considered confidential, notwithstanding a designation as such by a party."

[3] 2 TTABVUE 4. Citations to the record refer to TTABVUE, the Board's online docketing system. *Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014). Specifically, the

The Board's Standard Protective Order, accessible via the Board's website,[4] requires the following designation for commercially sensitive information:

Confidential – Attorneys' Eyes Only
(Trade Secret/Commercially Sensitive)

> Material to be shielded by the Board from public access, restricted from any access by the parties, and available for review by outside counsel for the parties and, subject to the provisions of paragraphs 4 and 5, by independent experts or consultants for the parties. Such material may include the following types of information: (1) sensitive technical information, including current research, development and manufacturing information; (2) sensitive business information, including highly sensitive financial or marketing information; (3) competitive technical information, including technical analyses or comparisons of competitor's products or services; (4) competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans; (5) personal health or medical information; (6) an individual's personal credit, banking or other financial information; or (7) any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing party reasonably and in good faith believes would likely cause harm.

The Standard Protective Order also provides context and direction as to who may be given access to information designated as "Confidential – Attorneys' Eyes Only" ("AEO"):

> Outside counsel, but not in-house counsel, shall have access to information designated as Confidential – Attorneys' Eyes Only (trade secret/commercially sensitive).

---

number preceding TTABVUE corresponds to the docket entry number, and any numbers following TTABVUE refer to the page(s) of the docket entry where the cited materials appear.

[4] A link to the current Standard Protective order, can be found on the Board's web page at: https://www.uspto.gov/trademarks/ttab. The Board revised the Standard Protective Order on February 5, 2020, after the Board issued its institution order which referenced the earlier Standard Protective Order, quoted above. The revisions do not affect our analysis in this case.

The present motion for sanctions arises out of events that transpired during the Fed. R. Civ. P. 30(b)(6) deposition of Applicant through its designated witness Eric Platt, Applicant's principal, taken remotely by video conference on March 3, 2021. Applicant states that "[i]n reliance on the protections afforded by the Standard Protective Order, Applicant produced to Opposer [during the deposition] commercially sensitive documents and information." 44 TTABVUE 4. According to Applicant, prior to the deposition, counsel for both parties "agreed that each party's 30(b)(6) deposition would be designated 'Attorneys' Eyes Only' in its entirety." *Id*.[5] Applicant also states that counsel for Opposer, Mason Simpson and Calleigh Olson, announced their presence on the video conference, but did not reveal that Jennifer Farnes, President and majority shareholder of Opposer, was also physically present with Mr. Simpson and Ms. Olson during the deposition. *Id*. at 5.

Opposer first revealed that Ms. Farnes had been present in the deposition in Opposer's response to Applicant's motion for summary judgment. 39 TTABVUE 10 (Confidential). In her declaration that accompanied the response, Ms. Farnes both stated that she attended Mr. Platt's video deposition, and commented on his testimony.[6] She also included one of Applicant's documents that was designated confidential "Attorneys' Eyes Only" as an exhibit to her declaration.[7] Applicant asserts that by attending the AEO deposition, Ms. Farnes had access to Applicant's

---

[5] According to Applicant's counsel, the parties' attorneys agreed to confer at a later date to discuss what portions of the transcripts might be redesignated to something less than "Attorneys' Eyes Only." 44 TTABVUE 4.

[6] Declaration of Jennifer Farnes, ¶¶ 44, 48, and 49, 37 TTABVUE 6-7 (Confidential).

[7] *Id*. at ¶ 54, 37 TTABVUE 8, 38 TTABVUE 89 (Confidential).

confidential exhibits produced under the AEO designation, which included Applicant's confidential tax filings and a spreadsheet of Applicant's customers' purchases. *Id.* at 6.

Applicant argues that sanctions in the form of judgment should be entered against Opposer because "Opposer's conduct is markedly worse than avoidance or delay." *Id.* at 9. Applicant adds that it has been damaged by the disclosure of sensitive business information to a competitor and that striking all or part of the pleadings or refusing to allow Opposer to support or oppose designated claims or defenses will not deter future similar misconduct. *Id.* at 11.

In its response to the motion, signed by Mr. Simpson, Opposer states that the violation of the standard proctective order was unintentional and "entirely the fault of [Opposer's] counsel and not his client." 47 TTABVUE 3. The response further states that "it was undersigned counsel's mistaken notion that a protective order still had to be negotiated and that the parties could be privy to one another's depositions without violating any order, with confidential documents later being designated and argued over." *Id.*

According to Opposer, its disclosure in its summary judgment response brief that Ms. Farnes had reviewed the deposition transcript and confidential documents is evidence that Mr. Simpson did not act in bad faith or with an intent to deceive. *Id.* at 4. Opposer also argues that the violation of the Standard Protective Order does not warrant judgment for the following reasons, among others:

- While Ms. Farnes reviewed a document labeled "Attorneys' Eyes Only" regarding an order for a ring received by Applicant on Ebay, counsel for Opposer did not give Ms. Farnes possession of any of the confidential documents;[8]

- Ms. Farnes agrees not to use any of the private information, is willing to bind Opposer contractually for the protection of Applicant, and has permanently deleted the transcript from her computer;

- Opposer and its counsel have continually expressed willingness to remedy counsel's mistake without abandoning the opposition; and

- "Being privy to Applicant's deposition testimony has given Opposer no advantage" in this proceeding.

*Id.* at 4-5.

In its reply, Applicant argues that Opposer's counsel's actions cannot be characterized as inadvertent because counsel for Opposer's law firm had knowledge of the Standard Protective Order and that the deposition transcript and exhibits were clearly marked "Attorneys' Eyes Only." 49 TTABVUE 3-5. In addition, Applicant argues that a severe sanction such as judgment is necessary to protect the integrity of Board proceedings. *Id.* at 6.

---

[8] According to her declaration in support of Opposer's summary judgment brief, Ms. Farnes also reviewed Applicant's spreadsheet of customer purchases that was designated "Attorneys' Eyes Only." Farnes Decl., ¶ 54, 40 TTABVUE 34.

## II.   Relevant Law

Under Trademark Rule 2.120(h), 37 C.F.R. § 2.120(h), if a party fails to comply with an order of the Board relating to discovery, including a protective order, the Board may order appropriate sanctions including those set forth in Fed. R. Civ. P. 37(b)(2), such as prohibiting the offending party from supporting or opposing designated claims or defenses or from introducing matters in evidence, striking pleadings, or entering judgment against the party.[9] *See Baron Philippe de Rothschild S.A. v. Styl-Rite Optical Mfg. Co.*, 55 USPQ2d 1848, 1854 (TTAB 2000); *see also* TBMP § 527.01. The question of the proper sanction is left to the sound discretion of the Board. *See Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1450-51 (Fed. Cir. 1988).

It is settled that entry of judgment is a harsh sanction. *See Baron Philippe de Rothschild*, 55 USPQ2d at 1854 ("Default judgment is a harsh remedy, but is justified where no less drastic remedy would be effective, and there is a strong showing of willfulness"). In general, entry of judgment is warranted in cases of repeated failure to comply with orders of the Board, where a lesser sanction would not be effective. *Benedict v. Super Bakery, Inc.*, 665 F.3d 1263, 101 USPQ2d 1089, 1093 (Fed. Cir. 2011); *cf. Nabisco Inc. v. Wm. Wrigley Jr. Co.*, 40 USPQ2d 1251, 1254-55 (TTAB 1995) (motion for judgment for violation of protective order due to failure to file confidential evidence under seal denied where insufficient showing of willfulness, no evidence that

---

[9] The Board will not hold a party in contempt or award expenses to any party. Trademark Rule 2.120(h). The Board may refer matters of attorney misconduct to the USPTO's Office of Enrollment and Discipline.

the filing at issue contained truly confidential information, and the alleged deficiency was cured promptly).

## III. Discussion

Initially, we note that the circumstances at issue relate to disclosure or discovery and that the Board's Standard Protective Order is an order of the Board relating to disclosure or discovery within Trademark Rule 2.120(h)(1). In addition to the authority to sanction under that rule, the Board has the inherent authority to enter sanctions that extends from the Board's "inherent authority to control the disposition of cases on its docket." *Carrini Inc. v. Carla Carini S.R.L.,* 57 USPQ2d 1067, 1071 (TTAB 2000). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (stating that "[i]f in the informed discretion of the court, neither the statute nor the Rules are up to the task [of sanctioning bad-faith conduct], the court may safely rely on its inherent power.").

Here, Opposer does not contest Applicant's counsel's statement that the parties agreed to designate their Rule 30(b)(6) depositions as AEO prior to the depositions.[10] In addition, there is no dispute that Mr. Simpson and Ms. Olson allowed Ms. Farnes to attend Applicant's Rule 30(b)(6) witness deposition without announcing her presence during the deposition,[11] and that Opposer's counsel allowed Ms. Farnes to review (i) a spreadsheet of Applicant's sales history that included customer names; (ii) a document evidencing an order through eBay; and (iii) the Platt deposition

---

[10] Declaration of Matthew A. Barlow, ¶ 5, 43 TTABVUE 3.

[11] Farnes Decl., ¶ 44, 45, 40 TTABVUE 32-33, 37 TTABVUE 6-7 (Confidential) and Declaration of Mason Simpson, ¶ 7, 47 TTABVUE 21.

transcript. These materials were designated AEO during the deposition.[12] "Parties … quite clearly do not have access to AEO material and information under the automatic SPO." *Intercontinental Exch. Holdings, Inc. v. N. Y. Mercantile Exch.*, 2021 USPQ2d 988, at *2 (TTAB 2021). Further, Mr. Simpson filed a response to Applicant's motion for summary judgment that included the AEO information provided in the deposition, despite the response being available for public view.[13]

With Opposer's response to the motion, Mr. Simpson and Ms. Olson submitted declarations stating that they were unaware of the Board's Standard Protective Order.[14] Counsel's professed ignorance of the Board's institution order referring to the Standard Protective Order, the Trademark Rules (and specifically Trademark Rule 2.120(h)(1)), and the Standard Protective Order, however, does not excuse their actions in allowing their client to covertly attend a deposition that the parties agreed was for "Attorneys' Eyes Only" and to review documents and the deposition transcript with the AEO designation. An attorney representing a party before the Board is expected to know and strictly comply with the Trademark Rules of Practice and, where applicable, the Federal Rules of Civil Procedure. *See McDermott v. S. F. Women's Motorcycle Contingent*, 87 USPQ2d 1212, 1212 n.2 (TTAB 2006) (strict compliance with the rules is required of all parties before the Board); 3 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 20:115 (5th ed.

---

[12] Farnes Decl., ¶ 54, 40 TTABVUE 34; Simpson Decl., ¶ 9, 47 TTABVUE 21; Declaration of Calleigh Olson, ¶ 15, 47 TTABVUE 32.

[13] The entry has since been made confidential, and a public/redacted version filed. 36 TTABVUE, 40 TTABVUE.

[14] Simpson Decl. ¶¶ 7, 8, 32 TTABVUE 21; Olson Decl. ¶ 9, 47 TTABVUE 32.

2021) ("Unfamiliarity with the procedural rules concerning the taking of testimony before the TTAB does not excuse non-compliance."); *see also Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1175 (10th Cir. 2003) (counsel's ignorance of court's procedural rules is not valid excuse for sanctionable behavior); *In re Grand Jury Proc.*, 889 F.2d 220, 223-24 (9th Cir. 1989) (same).[15]

Mr. Simpson also states that he recalls that Applicant's counsel mentioned certain documents were to be labeled as "Attorney's Eyes Only." In an odd twist in logic, he adds he "believed the confidentiality designations were something [the parties] would be arguing over as [they] negotiated a non-disclosure agreement."[16] We find this reasoning unsupportable. While parties may stipulate to their own protective order or non-disclosure agreement for use during the proceeding,[17] as a substitute for the Board's standard order, such an agreement would be an ineffective means for protecting confidential information if parties were free to disclose AEO designated documents prior to execution of the agreement. Any entry into discussion of an alternative to the Board standard order would not stay the applicability of the Board order. In addition, despite the pre-deposition warning from Applicant's counsel that

---

[15] We also note that counsel for Opposer's law firm, Business Law Group, has represented Opposer since the institution of this proceeding and that Adam Weitzel, a partner with the firm, participated in the discovery conference for the proceeding where the parties appropriately discussed the Board's standard protective order. Barlow Decl., ¶ 3, 49 TTABVUE 14-15.

[16] Simpson Decl., ¶ 8, 47 TTABVUE 21.

[17] See the Board's institution order which provides, in relevant part, "[d]uring their conference, the parties should discuss whether they will use an alternative or modified protective order, subject to approval by the Board. *See* Trademark Rule 2.116(g) and TBMP § 412." 2 TTABVUE 4.

some documents would be designated AEO, Mr. Simpson states that he allowed his client to review documents that he "only now see[s] had been labeled 'Attorneys' Eyes Only.'"[18] Thus, counsel, specifically knowing that some documents received in discovery might bear the AEO designation, apparently did not review documents produced during discovery before sharing them with the client.

In addition to the lack of attention to the rules and the Board's institution order, other actions of Opposer's counsel are troubling. Even if unaware of the protective order, counsel's disregard of an agreement between the parties to designate the deposition in question to AEO is unacceptable, as is their decision to share with Opposer's principal documents marked as AEO. In addition, parties conducting depositions in Board proceedings by telephone or other remote means are expected to introduce all persons present in the interest of transparency and as a matter of common courtesy.

We are not persuaded by Opposer's alleged mitigating circumstances. While Opposer asserts that Ms. Farnes reviewed but did not possess AEO documents, Opposer's submission indicates that she did possess an electronic copy of the AEO deposition transcript, which she later deleted. Moreover, the harm from violation of the AEO designation flows from disclosure of its contents to an individual outside the designated tier, such as an officer of the adverse party. Opposer's assertion that the improper access to AEO deposition testimony gave Opposer no advantage in this proceeding is unavailing for two reasons. First, Opposer's principal reviewed and

---

[18] *Id.* at ¶ 9, 47 TTABVUE 21.

commented on the AEO testimony in an attempt to undermine the testimony for an advantage in the proceeding. Second, the AEO designation typically seeks to prevent an unfair competitive advantage in the marketplace.

## IV. Decision

Based on the facts discussed above, we find that sanctions are necessary to address the impact of the violations, protect Applicant's AEO-designated materials, and deter similar conduct in the future. *See* Trademark Rule 2.120(h) (the Board may order any appropriate sanction against the offending party including any of the lesser sanctions provided in Fed. R. Civ. P. 37(b)(2)); *see e.g., M.C.I. Foods, Inc. v. Bunte*, 86 USPQ2d 1044, 1047 (TTAB 2008) (Board denied motion for judgment sanctions, but entered lesser sanctions). The taking of depositions by video or other remote means is an important tool in Board proceedings that should not be accompanied by fears of misuse by the adverse party. *See* TBMP § 404.06. Neither should a party be concerned that any disclosure of its sensitive commercial information labeled AEO will have anticompetitive consequences. *See Intercontinental Exch. Holdings*, 2021 USPQ2d 988, at *10 ("The Board's interest in providing a means for protecting confidential information and protecting against its inappropriate release aids the Board in carrying out its statutory responsibilities in the registration of trademarks.").

Before resorting to the harsh sanction of judgment requested by Applicant, we first consider whether lesser sanctions are appropriate. *See Benedict v. Super Bakery*, 101 USPQ2d at 1093 (agency tribunals are to consider lesser sanctions and exercise restraint in entering judgment). Under the factual circumstances of this case, we find

the sanctions set forth below sufficiently effective and appropriate for the violations. Although there were multiple violations of the Standard Protective Order stemming from the Rule 30(b)(6) deposition and the confidential information produced therein, Opposer and its counsel have not repeatedly ignored, or failed to comply with, orders of the Board, and they attempted to remedy their errors upon first being notified by Applicant. The sanctions set forth below are adequate to address the nature and seriousness of the violations while still allowing for a decision on the merits in this proceeding, and therefore are appropriate under the circumstances. Accordingly, Applicant's motion for discovery sanctions in the form of judgment is **denied** to the extent that we decline to enter judgment at this time and, in our discretion, enter the following lesser sanctions.

It is hereby ORDERED:

- Counsel for Opposer, Mr. Simpson and Ms. Olson, are barred from accessing, viewing, or discussing documents produced by Applicant designated "Attorneys' Eyes Only" for the duration of this proceeding;

- Mr. Simpson and Ms. Olson are also barred from serving, filing and signing submissions in this proceeding or participating in trial depositions;

- Opposer is barred from introducing at trial or on summary judgment Applicant's documents that were designated "Attorneys' Eyes Only" and the Rule 30(b)(6) deposition of Mr. Platt;

- Opposer is barred from deposing Mr. Platt again for any reason, including cross-examination if Applicant presents his testimony at trial or on summary judgment;[19] and

- Opposer is barred from presenting at trial or on summary judgment any testimony, whether in the form of an oral deposition or declaration, from Jennifer Farnes, Opposer's President.

Opposer is cautioned that the Board will not tolerate any future violations of the Standard Protective Order or of this order. If there are any further violations of the Standard Protective Order, or of this order, additional sanctions, including judgment, may be entered against Opposer. *See, e.g.*, *SFM, LLC v. Corcamore, LLC*, 129 USPQ2d 1072, 1075-79 (TTAB 2018), *aff'd*, 978 F.3d 1298, 2020 USPQ2d 11277 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2671 (2021) (motion for judgment under Trademark Rule 2.120(h)(1) granted as sanction for discovery abuses and egregious conduct; upheld on appeal). In addition, Opposer is advised that Ms. Farnes may not discuss with any other officers or employees of Opposer any of the documents she previously viewed that were designated AEO.

Both parties are ordered to review the Board's Standard Protective Order and limit information and documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to information that the producing party and its counsel have determined, in good faith, are truly confidential or trade secret/commercially

---

[19] The Board has the authority to make any appropriate order and impose any sanction provided in Fed. R. Civ. P. 37(b)(2) regardless of a party's right under Trademark Rule 2.123(e)(1), 37 C.F.R. § 2.123(e)(1), to cross-examine a witness. *See* Trademark Rule 2.120(h)(1).

sensitive information. *See* TBMP § 412.01. In particular, we note that the parties' designations of entire Rule 30(b)(6) deposition transcripts as "Attorney's Eyes Only" is improper. *See, e.g.*, *Sports Auth. Mich. Inc. v. PC Auth. Inc.*, 63 USPQ2d 1782, 1787 (TTAB 2001) (parties were not "precise in the handling and submission of apparently confidential testimony and documents," noting that "whole transcripts of testimony depositions have been labeled as confidential when it is clear from reading the transcripts that only portions thereof were intended to be shielded from public view."). Where appropriate, the parties are ordered to submit public versions of any "Confidential" documents with only the truly confidential or trade secret/commercially sensitive information redacted.

### V.    Proceeding Schedule

Proceedings herein are resumed. Discovery is closed. Trial and briefing dates are reset as follows:

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | 3/25/2022 |
| Plaintiff's 30-day Trial Period Ends | 5/9/2022 |
| Defendant's Pretrial Disclosures Due | 5/24/2022 |
| Defendant's 30-day Trial Period Ends | 7/8/2022 |
| Plaintiff's Rebuttal Disclosures Due | 7/23/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 8/22/2022 |
| Plaintiff's Opening Brief Due | 10/21/2022 |
| Defendant's Brief Due | 11/20/2022 |
| Plaintiff's Reply Brief Due | 12/5/2022 |
| Request for Oral Hearing (optional) Due | 12/15/2022 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony

periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).