**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10265 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00384-LEK-6 |
| v. | |
| WESLEY MARK SUDBURY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 4, 2025[**]
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Wesley Sudbury appeals his conviction for conspiring to manufacture, distribute, and possess with intent to distribute 100 or more marijuana plants, along with related offenses. He argues that the district court improperly denied his motion to compel discovery and his motion for relief under 18 U.S.C. § 3504(a)(1). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and we affirm.

"We review discovery rulings for abuse of discretion." *United States v. Soto-Zuniga*, 837 F.3d 992, 998 (9th Cir. 2016). To reverse Sudbury's conviction, we must find not only "that the district court abused its discretion," but also "that the error resulted in prejudice to [Sudbury's] substantial rights, *i.e.*, that there is 'a likelihood that the verdict would have been different had the government complied with the discovery rules.'" *Id.* (citation omitted). The denial of a motion for relief under 18 U.S.C. § 3504 is also reviewed for abuse of discretion. *United States v. Waters*, 627 F.3d 345, 364 (9th Cir. 2010).

1.      The district court did not abuse its discretion by denying the disclosure of the Hawaii County Police Department's ("HCPD") investigative reports to Sudbury. Rule 16(a)(2) of the Federal Rules of Criminal Procedure exempts certain documents from the government's discovery obligations, including "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Because this exception applies to reports created by local law enforcement that are "relinquished to federal prosecutors to support a unified prosecution . . . for the same criminal activity that was the subject of the local investigation," *United States v. Fort*, 472 F.3d 1106, 1120 (9th Cir. 2007), Sudbury is not entitled to discovery of HCPD's investigative reports.

2.     The district court also did not abuse its discretion in denying Sudbury's motion for relief under 18 U.S.C. § 3504(a)(1). Section 3504(a)(1) requires the government to "affirm or deny the occurrence" of unlawful surveillance "upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product" of such surveillance. 18 U.S.C. § 3504(a)(1). "Where a claim of illegal electronic surveillance is vague and unsupported, . . . it [is] unnecessary to address the adequacy of the government's response." *In re Grand Jury Proceedings*, 889 F.2d 220, 223 (9th Cir. 1989). To raise a § 3504 claim, Sudbury must show that he is a "party aggrieved," meaning that he was the victim of unlawful electronic surveillance, not merely that unlawful surveillance produced incriminating evidence against him. *See United States v. Reynolds*, 449 F.2d 1347, 1351 (9th Cir. 1971) *overruled in part by Gelbard v. United States*, 408 U.S. 41 (1972); *see also United States v. Apple*, 915 F.2d 899, 904–05 (4th Cir. 1990) (holding that to be an "aggrieved party" under § 3504, the defendant must "make a prima facie showing that he was . . . a party to an intercepted communication, that the government's efforts were directed at him, or that the intercepted communications took place on his premises"). Sudbury does not allege that HCPD's confidential informant recorded him, conducted surveillance on his property, or that he was the subject of the surveillance.

Sudbury also fails to allege that the surveillance was unlawful. Sudbury argues that a confidential informant participated in and recorded conversations without a warrant, but no warrant is necessary for such surveillance. *United States v. White*, 401 U.S. 745, 752 (1971) (holding that the Fourth Amendment "gives no protection to the wrongdoer" whose conversations are recorded by a confidential informant); *see also* 18 U.S.C. § 2511(2)(c) (expressly authorizing audio recordings when a person "acting under color of law . . . is a party to the communication or one of the parties to the communication has given prior consent"). Sudbury thus fails to raise a "claim" that he was a "party aggrieved" or that any unlawful surveillance occurred, and we need not "address the adequacy of the government's response." *See In re Grand Jury Proceedings*, 889 F.2d at 223.

**AFFIRMED.**