NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1085
(Cancellation No. 92047859)


WARD E. BENEDICT,

Appellant,

v.

SUPER BAKERY, INCORPORATED,

Appellee.


<u>Ward E. Benedict</u>, of Surrey, British Columbia, Canada, pro se.

<u>John W. McIlvaine, III</u>, The Webb Law Firm, of Pittsburgh, Pennsylvania, for appellee.

Appealed from:  United States Patent and Trademark Office
                        Trademark Trial and Appeal Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1085
(Cancellation No. 92047859)

WARD E. BENEDICT,

Appellant,

v.

SUPER BAKERY, INCORPORATED,

Appellee.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED: March 3, 2010

_____

Before BRYSON and MOORE, <u>Circuit Judges</u>, FOLSOM, <u>Chief District Judge</u>.[*]

PER CURIAM.

Ward E. Benedict appeals from a final decision of the Trademark Trial and Appeal Board (Board) in which the Board entered default judgment against Mr. Benedict for failure to comply with discovery orders. For the following reasons, we <u>vacate</u> and <u>remand</u>.

Super Bakery, Inc. (Super Bakery) filed a Petition for Cancellation of U.S. Registration No. 2,966,255, owned by Mr. Benedict, on July 25, 2007. Super Bakery served discovery requests on Mr. Benedict in January and February of 2008. Mr. Benedict did not respond to Super Bakery's requests. Super Bakery filed a motion to

_____

[*] Honorable David J. Folsom, Chief Judge, United States District Court for the Eastern District of Texas, sitting by designation.

compel, and the Board issued an order instructing Mr. Benedict to respond to the requests within thirty days. Mr. Benedict failed to comply with the Board's order, and Super Bakery filed a motion for default judgment. The Board found that an entry of judgment against Mr. Benedict was not yet warranted, but again issued an order directing Mr. Benedict to respond to the discovery requests within thirty days.

On March 12, 2009, one day before the Board-ordered discovery deadline, Mr. Benedict filed a motion for summary judgment with respect to Super Bakery's cancellation claim. Mr. Benedict did not respond to any of Super Bakery's discovery requests. On April 16, 2009, Super Bakery filed a motion for sanctions, asking the Board to enter judgment against Mr. Benedict pursuant to 37 C.F.R. § 2.120(g).

The Board granted Super Bakery's motion in an opinion issued on August 18, 2009. The Board noted that Mr. Benedict failed to respond to any of Super Bakery's discovery responses, which were served nearly twenty months earlier, and that Mr. Benedict provided no excuse or explanation for his failure to comply with the Board's most recent order compelling discovery. Therefore, the Board entered default judgment against Mr. Benedict pursuant to 37 C.F.R. § 2.120(g). The Board then denied Mr. Benedict's motion for summary judgment as moot.

Mr. Benedict appeals. On appeal, Mr. Benedict asserts that he made a proper and timely motion for summary judgment. Therefore, he argues, the Board was required to resolve his summary judgment motion prior to resolving Super Bakery's motion for sanctions. Mr. Benedict acknowledges that he has not yet complied with any of the Board's orders compelling discovery.

Trademark Rule 2.127(d) provides, in relevant part:

When any party files . . . a motion for summary judgment, or any other motion which is potentially dispositive of a proceeding, the case will be suspended by the Trademark Trial and Appeal Board with respect to all matters not germane to the motion and no party should file any paper which is not germane to the motion except as otherwise specified in the Board's suspension order. If the case is not disposed of as a result of the motion, proceedings will be resumed pursuant to an order of the Board when the motion is decided.

37 C.F.R. § 2.127(d). Mr. Benedict argues that because he filed a summary judgment motion, the cancellation proceeding—including his obligation to comply with the court's order regarding discovery—should have been suspended. According to Mr. Benedict, it was therefore inappropriate for the court to grant Super Bakery's April 16, 2009 motion for discovery sanctions. Mr. Benedict does not argue that § 2.127(d) otherwise alters his discovery obligations. Hence, if Mr. Benedict is correct that his filing of the summary judgment motion does suspend his discovery obligations, "proceedings [including his discovery obligations] will be resumed" if the case is not disposed of as a result of the motion.

The Board did not discuss the applicability of 37 C.F.R. § 2.127(d) to the facts of this case in its decision. Rather than rule on the applicability of § 2.127(d) in the first instance, we vacate and remand to the Board.

Accordingly, we vacate the Board's decision and remand this case to the Board.

COSTS

No costs.