# United States Court of Appeals
# for the Federal Circuit

_____

(Cancellation No. 92047859)

**WARD E. BENEDICT,**
*Appellant,*

**v.**

**SUPER BAKERY, INCORPORATED,**
*Appellee.*

_____

2011-1131

_____

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

Decided: December 28, 2011

_____

WARD E. BENEDICT, of Surrey, British Columbia, Canada, pro se.

DAVID G. OBERDICK, Meyer, Unkovic & Scott LLP, of Pittsburgh, Pennsylvania, for appellee.

_____

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges*.

NEWMAN, *Circuit Judge.*

Ward E. Benedict, appearing *pro se* in this cancellation proceeding, appeals the decision of the Trademark Trial and Appeal Board (TTAB or Board) of the United States Patent and Trademark Office, entering judgment against Mr. Benedict for failure to comply with discovery orders, and imposing the sanction of cancellation of his trademark registration. *Benedict v. Super Bakery, Inc.*, 96 USPQ2d 1134 (TTAB 2010). On appeal of a prior TTAB ruling in this matter, the Federal Circuit vacated the Board's default judgment in view of Trademark Rule 2.127(d), and remanded to the Board. *Benedict v. Super Bakery, Inc.*, 367 Fed. Appx. 161 (Fed. Cir. March 3, 2010). On this appeal from the Board's renewed decision upon remand, we now affirm the judgment and the sanction of cancellation.

BACKGROUND

Mr. Benedict is the owner of U.S. Trademark Registration No. 2,966,255, granted on July 12, 2005 for the mark G THE GOODYMAN and design, registered in International Class 29 for meat snacks, namely pepperoni sticks; and in International Class 30 for cookies, cakes, tarts, rice cakes, strudels, and donuts.

Super Bakery, Inc. is the owner of U.S. Trademark Registration No. 2,930,398, granted on March 8, 2005 for the word mark GOODY MAN in International Class 30 for bakery products, namely cupcakes. On July 6, 2005, Super Bakery filed Trademark Application No. 78/664774 in International Class 30, for registration of GOODY MAN for bakery goods, namely cupcakes, marshmallow treats, glazed rings, cookies, donuts, buns, fruit pies, muffins, and snack cakes. The Examining Attorney rejected the Super Bakery application on the ground of likelihood of confusion with Mr.

Benedict's mark G THE GOODYMAN. This rejection is stated to be on appeal to the Trademark Trial and Appeal Board.

On July 25, 2007 Super Bakery filed a Petition for Cancellation of Mr. Benedict's Registration No. 2,966,255 for G THE GOODYMAN, citing grounds of fraud and abandonment. Super Bakery served discovery requests on Mr. Benedict in January and February of 2008. On February 14, 2008 Mr. Benedict wrote to counsel for Super Bakery, requesting an extension of the response time to April 18, 2008. Mr. Benedict states that Super Bakery never responded to this request. Super Bakery states that it responded by email on February 21, 2008, agreeing to the requested extension and also requesting additional documents. Mr. Benedict disputes this statement and points out that no substantiation of that email has been provided, and that the parties had been communicating by registered FedEx, not by email. In all events, no response to the discovery requests was made by Mr. Benedict.

On April 22, 2008 Super Bakery filed a combined motion to compel discovery and request for suspension of the proceedings, citing Mr. Benedict's non-response to the discovery requests. Mr. Benedict did not respond to the motion, and on June 24, 2008 the Board granted the motion as unopposed, citing Trademark Rule 2.127(a) ("When a party fails to file a brief in response to a motion, the Board may treat the motion as conceded."). The Board ordered Mr. Benedict to respond to the discovery requests within thirty days. Mr. Benedict did not respond.

On August 4, 2008 Super Bakery filed a motion for default judgment, based on failure to comply with the Board's discovery order of June 24, 2008. On August 22, 2008 Mr. Benedict requested reconsideration of the discovery order of

June 24, 2008, stating that he never received Super Bakery's April 22 motion to compel discovery, and did not receive the Board's June 24, 2008 order granting the motion until July 14, 2008. On February 11, 2009 the Board, while observing that there was no proof of service of Super Bakery's April 22 motion, denied Mr. Benedict's request for reconsideration as untimely, citing Trademark Rule 2.127(b) (request for reconsideration must be filed within one month of the challenged action). The Board admonished Mr. Benedict for failure to follow the Trademark Rules and failure to provide discovery, and held that Super Bakery's requests for admissions were granted and deemed admitted pursuant to Trademark Rule 36(a)(3). However, the Board denied Super Bakery's request for default judgment, and ordered Mr. Benedict to respond to the discovery requests within thirty days, that is, by March 13, 2009.

On March 12, 2009 Mr. Benedict filed a motion for summary judgment, requesting denial of Super Bakery's cancellation action on the ground that the cancellation issue was res judicata because of the rejection of Super Bakery's Application No. 78/664774 based on likelihood of confusion with Mr. Benedict's registered mark G THE GOODYMAN. Mr. Benedict invoked the procedure of Trademark Rule 2.127(d), which provides:

> 2.127(d). When any party files . . . a motion for summary judgment, or any other motion which is potentially dispositive of a proceeding, the case will be suspended by the Trademark Trial and Appeal Board with respect to all matters not germane to the motion and no party should file any paper which is not germane to the motion except as otherwise specified in the Board's suspension order. If the case is not disposed of as a result of the motion, pro-

> ceedings will be resumed pursuant to an order of
> the Board when the motion is decided.

On March 30, 2009 the Board suspended the cancellation proceeding due to the motion for summary judgment. On April 16, 2009 Super Bakery filed a motion for sanctions for failure to provide discovery, requesting default judgment pursuant to Trademark Rule 2.120(g) ("If a party fails to comply with an order of the Trademark Trial and Appeal Board relating to disclosure or discovery, including a protective order, the Board may make any appropriate order, including those provided in Rule 37(b)(2) of the Federal Rules of Civil Procedure."). Federal Rule 37(b)(2)(A)(vi) authorizes "rendering a default judgment against the disobedient party." Super Bakery requested cancellation of Mr. Benedict's registration of G THE GOODYMAN.

The Board granted the default judgment. The Board described Mr. Benedict's motion for summary judgment as "a likely effort to avoid his discovery responsibilities once again." The Board stated that Mr. Benedict's discovery obligations were not suspended automatically upon his filing of the summary judgment motion, but only after the Board, eighteen days later, ordered the suspension of proceedings. Thus the Board held that Mr. Benedict had not complied with the Order to provide discovery responses by March 13, 2009. The Board observed that Mr. Benedict had not responded to any of Super Bakery's discovery requests, did not comply with the Board's orders for discovery, and offered no excuse or explanation for his failure to respond or comply. The Board entered default judgment against Mr. Benedict, cancelled his registration of G THE GOODYMAN, and denied the motion for summary judgment as moot.

Mr. Benedict appealed to the Federal Circuit, arguing that his filing of the motion for summary judgment sus-

pended all proceedings as of March 12, 2009, including suspension of any pending discovery requests or discovery orders, for Rule 2.127(d) states that "no party should file any paper" after a motion is filed for summary judgment. He argued that it was incorrect for the Board to have granted Super Bakery's motion for discovery sanctions. The Federal Circuit vacated the Board's ruling, observing that the Board "did not discuss the applicability of Rule 2.127(d) to the facts of this case in its decision." *Benedict*, 367 Fed. Appx. at 163. The court remanded to the Board for consideration of this aspect.

On remand, the Board held that the suspension of proceedings as required by Rule 2.127(d) is not automatic on the filing of a motion for summary judgment, but takes effect only after the Board has issued a suspension order. The Board explained that the PTO had considered and declined to adopt an automatic suspension of proceedings, and referred to the PTO summary of the notice-and-comment exchange on the rule when it was proposed:

Comment: One organization suggested the section should be amended to provide that the filing of a potentially dispositive motion automatically suspends proceedings, without any action by the Board.

Response: The suggested modification has not been adopted. A variety of motions are potentially dispositive, including a motion for sanctions in the form of entry of judgment. Because of the number of situations in which a party may make a potentially dispositive motion, it is believed better for the Board to determine whether proceedings should be suspended based on the situation presented by the particular case.

*Miscellaneous Changes to Trademark Trial and Appeal Board Rules (Final Rule)*, 63 Fed. Reg. 48,081, 48,094 (Sept. 9, 1998).

The Board held that until a formal suspension of the cancellation proceeding was announced by the Board, Mr. Benedict "was obligated to respond to petitioner's discovery requests as ordered by the Board by the March 13, 2009 deadline set by the Board." *Benedict*, 96 USPQ2d at 1134. The Board stated that Mr. Benedict's filing of the motion for summary judgment did not "constitute good cause for not complying with the Board's order granting discovery sanctions," and distinguished its discovery order of February 11, 2009 as "very different from the routine obligations arising from the service of discovery requests by an opposing party." *Id.* The Board acknowledged Mr. Benedict's pro se status, but concluded that there was "a strong showing of willful evasion" of discovery, quoting Trademark Manual of Board Procedure 527.01(a) (2d ed. Rev. 2004).

The Board also, by footnote, discussed the merits of Mr. Benedict's summary judgment motion:

> n1. The basis for respondent's summary judgment motion was that cancellation of the subject registration is barred under the doctrine of *res judicata* by virtue of the examining attorney's "decision" in the final office action issued with regard to petitioner's pleaded application Serial No. 78664774 . . . in which the examining attorney found that there was a likelihood of confusion between petitioner's mark and respondent's registered mark. . . .
>
> Respondent's motion is without merit. A decision by an examining attorney during examination of an application as to whether there is likelihood of

confusion with another registered mark has no pre-
clusive effect. . . .

96 USPQ2d at 1135 n.1 (citing *West Florida Seafood, Inc. v.
Jet Rests., Inc.*, 31 F.3d 1122, 1127 (Fed. Cir. 1994)). The
Board reinstated its default judgment against Mr. Benedict,
and cancelled his trademark registration. This appeal
followed.

DISCUSSION

Mr. Benedict argues that the Board misinterpreted and
misapplied Trademark Rule 2.127(d), which is unqualified
in its requirement that when a summary judgment motion
is filed, the case "will be suspended by the Trademark Trial
and Appeal Board . . . and no party should file any paper
which is not germane to the motion except as otherwise
specified in the Board's suspension order." Mr. Benedict
states that he complied with the Rule in accordance with its
terms. He states that the Board has now restated the Rule,
and that it is unfair to apply this restatement retroactively
to him, for he relied on its plain and clear terms.

We agree with Mr. Benedict that Rule 2.127(d) does not
clearly present the interpretation with which the Board now
endows it. Only if one reads the PTO "comment" does it
become clear. The PTO "comment" is not stated in the rule
as adopted; the Rule does not state that no suspension shall
occur until the Board separately acts to impose it, and that
any filing deadlines will remain in force despite the Rule's
prohibition on filing. The Rule does not state that the
requirement that no papers should be filed does not come
into effect when the summary judgment motion is filed,
despite the Rule's prohibition. This ambiguity does not
support the extreme sanction of default judgment.

However, the default judgment is well supported without this event. There had been two years of failure to comply with discovery requests and orders. The Board discussed Mr. Benedict's repeated non-compliance with Super Bakery's discovery requests, as well as his non-compliance with the Board's orders concerning discovery. Although the Board criticized the "meritless" motion for summary judgment as "an effort to further obstruct petitioner's rights to obtain discovery under the Board's rules, the Board's order compelling discovery, and the Board's order granting discovery sanctions," 96 USPQ2d at 1136, the Board's finding that "[t]here is no reason to assume that, given additional opportunities, petitioner will fulfill his obligations as a party to the proceeding," i*d.*, is supported by the entire experience of this case. The question is whether it was an abuse of discretion for the Board to enter default judgment. *See Merker Counter Co. v. Central Counter Co.*, 310 F.2d 746 (CCPA 1962) ("Rule 2.132(b) gives the board discretionary powers to grant or deny motions for judgment thereunder.").

Due process standards guide and limit the acts and proceedings of agency tribunals. *See, e.g.*, *Transp. Leasing Co. v. Dep't of Employment Servs.*, 690 A.2d 487, 489 (D.C. 1997) ("an individual is entitled to fair and adequate notice of administrative proceedings that will affect his or her rights, in order that he or she may have an opportunity to defend his or her position"). In turn, the agency has the authority to assure diligent administration of the rights within its charge, by establishing and enforcing reasonable rules and procedures for disciplining non-compliance with its rules. Trademark Rule 2.120(g) provides that "if a party fails to comply with an order of the Trademark Trial and Appeal Board relating to disclosure or discovery . . . the Board may make any appropriate order, including those provided in Rule 37(b)(2) of the Federal Rules of Civil Procedure . . ."

The Federal Rules implement the inherent power of courts to prevent abuses of the judicial process. In *Webb v. Dist. of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) the court enumerated three potential bases for dismissal or default judgment as a sanction for abuse:

> First, the court may decide that the errant party's behavior has severely hampered the other party's ability to present his case—in other words, that the other party has been so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case. Second, the court may take account of the prejudice caused to the judicial system when the party's misconduct has put an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay. And finally, the court may consider the need to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.

*Id* (citations and internal quotation marks omitted). The court counseled restraint, and thorough review, before the extreme sanction of default judgment is rendered, and counseled consideration of whether a lesser sanction may be warranted. *Id.* Similar remedy, and restraint, applies to agency tribunals.

Default judgment may be warranted in cases of repeated failure to comply with reasonable orders of the Trademark Board, when it is apparent that a lesser sanction would not be effective. *See MHW Ltd. V. Simex Aussenhandelsgesellschaft Savelsberg KG*, 59 USPQ2d 1477 (TTAB 2000) ("The law is clear that if a party fails to comply with an order of the Board relating to discovery, including an order compelling discovery, the Board may order appropriate sanctions

as defined in Trademark Rule 2.120(g)(1) and Fed. R. Civ. P. 37(b)(2), including entry of judgment."); *Baron Philippe de Rothschild S.A. v Styl-rite Optical Mfg. Co.*, 55 USPQ2d 1848, 1854 (TTAB 2000) ("Default judgment is a harsh remedy, but it is justified where no less drastic remedy would be effective, and there is a strong showing of willful evasion.").

The Board found that Mr. Benedict had continually failed to comply with Board orders, and had hampered reasonable procedures appropriate to resolution of this trademark conflict. Mr. Benedict offered no explanation of why no discovery responses had been made over the two years of requested discovery. The possession of a trademark registration places a routine obligation on the possessor to participate in reasonable procedures concerning rights or interests affected by that registration. On the entirety of the record, the Board's orders were reasonable, and within its authority in seeking to advance the proceedings. The remedy of default judgment was within the Board's discretion in view of Mr. Benedict's repeated failures to comply with established and reasonable procedures orders. The default judgment in this cancellation proceeding is affirmed.

**AFFIRMED**