THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

STANLEY

October 31, 2019

Opposition No.   91226034 (Parent Case)
Opposition No.   91235263
Cancellation No. 92066395

*Fifth Generation Inc.*

*v.*

*Titomirov Vodka LLC*


**Before Cataldo, Bergsman, and Kuczma,**
    **Administrative Trademark Judges.**

**By the Board:**

This case now comes up on (1) Fifth Generation Inc.'s ("Fifth Generation") motion, filed June 17, 2019, for judgment as a discovery sanction or, in the alternative, to compel Titomirov Vodka LLC ("Titomirov") to make Dr. Melody Sanger, Mr. Anthony Bromley, Dr. Alexander Titomirov, and a Fed. R. Civ. P. 30(b)(6) witness available for deposition; and (2) Titomirov's request, filed July 25, 2019, for a telephone conference on Fifth Generation's motion for sanctions. The request for a telephone conference is opposed. Titomirov did not file a response to Fifth Generation's motion for sanctions. In addition to filing a request for a telephone conference, it twice moved to extend its time to file a response to the motion, both of which the Board denied. 53 TTABVUE and 56 TTABVUE. In view of Titomirov's request for a telephone

conference and motions to extend its time to respond to Fifth Generation's motion, we will not treat Fifth Generation's motion as conceded but will exercise our discretion and consider the motion on the merits.

## I. Background

Fifth Generation challenges the following applications and registration owned by Titomirov:

- Application Serial No. 86504543 for the mark TITOMIROV VODKA, in standard characters, for "vodka,"[1] subject of Opposition No. 91226034;

- Application Serial No. 87225767 for the mark TITOMIROV ALKALINE MARTINI, in standard characters, for "alcoholic mixed beverages except beers; prepared alcoholic cocktail; vodka; pre-mixed alcoholic beverages, other than beer-based,"[2] subject of Opposition No. 91235263; and

- Registration No. 4807559 for the mark LUCKY VODKA BY ALEX TITOMIROV, in standard characters, for "vodka,"[3] subject of Cancellation No. 92066395.

In each proceeding, Fifth Generation pleads priority and likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), lack of bona fide intent to use the mark in commerce with the identified goods as of the filing date of the application under Section 1(b) of the Trademark Act, and dilution under Section 43(c)

---

[1] Filed January 15, 2015 based on a claim of an intent to use the mark in commerce under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b); Amendment to Allege Use filed April 23, 2015, claiming February 2015 as the date of first use and April 14, 2015 as the date of first use in commerce.

[2] Filed November 3, 2016 based on a claim of an intent to use the mark in commerce under Section 1(b) of the Trademark Act.

[3] Issued September 8, 2015. The underlying application was filed January 15, 2015 based on a claim of an intent to use the mark in commerce under Section 1(b) of the Trademark Act; Amendment to Allege Use filed April 23, 2015, claiming February 2015 as the date of first use and April 14, 2015 as the date of first use in commerce.

of the Trademark Act, 15 U.S.C. § 1043(c). In Opposition No. 91226034 and Cancellation No. 92066395, Fifth Generation also pleads nonuse and unlawful use.[4]

On September 4, 2017, Fifth Generation filed a motion to reopen discovery in Opposition No. 91226034 on the ground that Titomirov "conceal[ed]" evidence during discovery which "materially prejudice[d] [Fifth Generation's] ability to prosecute the merits[.]" 20 TTABVUE 3. At issue was Titomirov's representations that Dr. Titomirov is its only officer and employee and that he resides in Monaco. *Id*. at 19-20. Based on those representations, Titomirov refused to produce any witnesses for deposition. *Id*. at 2-3.

Fifth Generation established that Dr. Melody Sanger and Mr. John Samuelson represent themselves publicly as Titomirov's President of U.S. Operations and Vice President of Sales and Business Development, respectively. 24 TTABVUE 7-8. On December 21, 2017, the Board granted the motion, finding that the unexplained discrepancies between Titomirov's discovery responses and the public representations of Dr. Sanger and Mr. Samuelson warranted reopening discovery ("Prior Order I"). *Id*. at 7-9.

On June 5, 2018, Fifth Generation filed a motion for sanctions or, in the alternative, to compel discovery on grounds that Titomirov: (1) continued to falsely maintain that Dr. Titomirov is its sole employee and lives in Monaco "with no presence in the United States" (26 TTABVUE 3); (2) "refused to perform a proper

---

[4] The Board consolidated Opposition No. 91235263 and Cancellation No. 92066395 by order dated August 7, 2017 (19 TTABVUE), and the Board consolidated Opposition No. 91226034 with Opposition No. 91235263 and Cancellation No. 92066395 by order dated December 21, 2017 (24 TTABVUE).

document collection from its employees" (*id.* at 11-12), and (3) did not supplement its original discovery responses or respond completely to newly propounded discovery requests (*id.*).

On October 24, 2018, the Board declined to grant judgment as a sanction based on the then-current record, but found that lesser sanctions were warranted based on Titomirov's failure yet again to explain the inconsistencies between its discovery responses and public representations regarding Dr. Sanger and Mr. Samuelson ("Prior Order II"). 31 TTABVUE 3. The Board further found it appropriate to compel Titomirov to supplement certain of its discovery responses. *Id.* More specifically, the Board ordered as follows:

- Because Dr. Sanger and Mr. Samuelson represent themselves publicly as officers of Titomirov, Fifth Generation may depose them on notice alone. …

- Titomirov must consult Dr. Sanger and Mr. Samuelson on all of Fifth Generation's interrogatories and document requests.

- Within thirty days of the mailing date of the order, Titomirov must serve:

  o Amended written discovery responses and responsive documents based on information and documents collected from Dr. Sanger and Mr. Samuelson. If Dr. Sanger and Mr. Samuelson do not have responsive information or documents in their possession, custody or control, Titomirov must so state under oath.

  o Supplemental verified written responses without further objections to Interrogatories 1, 5, 8, 11, 18-24, 28, 37, and 42;

  o Verified responses to Fifth Generation's second and third sets of interrogatories;

- o Supplemental written responses without further objections and responsive documents to Document Requests 17, 24 and 37-40;

- o Supplemental written responses to Fifth Generation's first and second sets of Document Requests (except requests 2-4) specifying whether Titomirov has withheld any documents based on objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.")[; and]

- o To the extent necessary, a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A)(ii).

- Titomirov is precluded at trial from relying on testimony from any current or former officer, board member, or employee other than Dr. Titomirov.

- Titomirov is precluded at trial from relying on documents and information requested during discovery but not produced.

- Fifth Generation may use the inconsistencies in Titomirov's discovery responses at trial to challenge the credibility of any witness testimony or evidence that Titomirov may introduce at trial.

31 TTABVUE 4-5 (footnotes omitted).

On November 21, 2018, Titomirov filed motions to quash the oral depositions of Dr. Titomirov, Dr. Sanger, and its Fed. R. Civ. P 30(b)(6) witness, all noticed to take place in Miami, Florida, which is within the judicial district of Titomirov's corporate address. 35 TTABVUE; 36 TTABVUE; 37 TTABVUE. On April 1, 2019, the Board granted Titomirov's motion to quash the notice of deposition of Dr. Titomirov but denied the motions to quash the depositions of Dr. Sanger and the Fed. R. Civ. P 30(b)(6) witness ("Prior Order III"). 43 TTABVUE.

With respect to the deposition of Dr. Titomirov, the Board found "the record insufficient to rebut the assertion that Dr. Titomirov resides in Monaco[,]" as Dr.

Titomirov had previously submitted a declaration in support of a motion to quash in the U.S. District Court for the District of Maryland averring that he is a full-time resident of Monaco. *Id.* at 9 (citing 21 TTABVUE 10, ¶ 2). Because the Board will not order the deposition in the United States of a natural person residing in a foreign country, the Board granted the motion to quash the oral deposition of Dr. Titomirov, in his individual capacity. *Id.* at 10.

The Board confirmed that Fifth Generation should be permitted to take the deposition of Dr. Sanger and denied Titomirov's motion to quash "because Dr. Sanger represents herself publicly as an officer of Titomirov" and "Titomirov has not submitted any evidence to support its assertion that Dr. Sanger 'is not a current volunteer, officer, or otherwise an agent [of Titomirov] in any capacity.'" *Id.* at 10 (quoting 36 TTABVUE 2).

With respect to the Fed. R. Civ. P. 30(b)(6) deposition, the Board noted that "Titomirov need not produce Dr. Titomirov for a deposition in Miami, Florida, but it must produce a witness or witnesses prepared to testify on its behalf on the topics in Fifth Generation's deposition notice" and "[i]f a particular potential designated witness is unwilling or unable to testify, because he resides elsewhere or for another reason, then Titomirov must select another, or if necessary others, to testify on the topics set forth in the deposition notice, even if the witness(es) must become educated about the topics." *Id.* at 11-12 (citation omitted).

Fifth Generation's present motion alleges that Titomirov has not complied with the Board's prior orders.

## II. Titomirov's Request for Telephone Conference

Although there is no formal limit as to the type of matters that can be handled through telephone conferences, the Board will not decide by telephone conference any motion that the Board determines may be potentially dispositive, that is, a motion which, if granted, would dispose of a Board proceeding. TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 502.06(a) (2019). Such orders must issue by a panel or per curiam. Trademark Rule 2.127(c); TBMP 102.03. Because Fifth Generation seeks judgment as a sanction, the motion is potentially dispositive of these consolidated proceedings. As such, to the extent Titomirov requests that the Board resolve Fifth Generation's motion for sanctions by telephone, Titomirov's request is **denied**.

To the extent Titomirov requests that the Board "assist the parties in quickly fleshing out the issues raised" in the motion for sanctions (57 TTABVUE 3), that request is also **denied**. The Board does not negotiate compliance with its orders, and, although the Board may exercise its discretion to schedule a telephone conference with parties to address discovery issues without a motion pending before the Board, it is not the Board's role to "mediate" the parties' discovery disputes. In addition, in context it appears that the request for a telephone conference is interposed for purposes of delay.[5]

---

[5] "A party served with a written motion may request a telephone conference by contacting the assigned Board attorney **soon** after it receives the service copy of the motion so that the responding party will have sufficient time to respond to the motion in the event the request for a telephone conference is denied. A party may **not** request a telephone conference at or near the end of its time to respond to the motion when its purpose in doing so is to avoid or delay its response to the motion." TBMP § 502.06(a) (emphasis added).

7

In these circumstances, it is clear that a telephone conference will not assist the Board in resolving the pending motion for sanctions. Although Titomirov did not expressly request a further extension of time to file its response to Fifth Generation's motion for sanctions in its request for a telephone conference, Titomirov did submit a declaration from its counsel describing the difficulties counsel had communicating with Titomirov. 57 TTABVUE 6-7. As with its two prior unsuccessful motions to extend its time to respond, Titomirov once again has failed to show good cause for the Board to reset the time for it to file a response to Fifth Generation's motion for sanctions. Fed. R. Civ. P. 6(b); *SFW Licensing Corp. v. Di Pardo Packing Ltd.*, 60 USPQ2d 1372, 1373 (TTAB 2001) (opposers had not come forward with "detailed facts" required to carry their burden explaining their inaction). We will consider the merits of Fifth Generation's motion on the current record.

### III. Fifth Generation's Motion for Sanctions

Fifth Generation now moves for judgment, or in the alternative, to compel on grounds that Titomirov: (1) continues to refuse to make Dr. Sanger and a corporate representative of Titomirov available for deposition, despite the Board's prior orders that it do so (49 TTABVUE 7-10, 12-13, 27-35, and 39-41); (2) refuses to make Anthony Bromley, Vice President of Business Development of Titomirov, available for deposition, despite having been served with proper notice of his deposition (*id.* at 10-12 and 36-38); (3) failed to supplement its responses to interrogatories requesting Titomirov to identify when Dr. Titomirov will be in the United States (i.e.,

Interrogatories Nos. 8 and 20) (*id.* at 13-17); and (4) continues to misrepresent Dr. Titomirov's presence in the United States (*id.*).

Fifth Generation relies on: (1) the evidence it submitted with its prior motion to compel and response to motions to quash concerning Dr. Sanger's role at Titomirov (*id.* at 7-10); (2) information posted on social media concerning Mr. Bromley's corporate position at Titomirov (*id.* at 10-12 and 48-51); (3) images of Dr. Titomirov at events in Palm Beach, Florida in May 2019 (*id.* at 52-70); and (4) two documents, both titled "Affidavit of Confession of Judgment," that Dr. Titomirov signed on May 14 and May 23, 2019 respectively, both notarized in the State of Florida and filed in the Supreme Court of the State of New York, and both averring that Dr. Titomirov "resides at 2601 CAPTAINS WAY JUPITER, FL 33477" (*id.* at 79 and 81).

The law is clear that if a party fails to comply with a Board order relating to discovery, including an order compelling discovery, the Board may order appropriate sanctions as defined in Trademark Rule 2.120(h)(1), 37 C.F.R. § 2.120(h)(1), and Fed. R. Civ. P. 37(b)(2), including entry of judgment. *Benedict v. Super Bakery Inc.*, 665 F.3d 1263, 101 USPQ2d 1089, 1093 (Fed. Cir. 2011) (affirming Board's entry of judgment as a discovery sanction for repeated failures to comply with Board's reasonable orders), *aff'g* 96 USPQ2d 1134 (TTAB 2010); *MHW Ltd. v. Simex Aussenhandelsgesellschaft Savelsberg KG*, 59 USPQ2d 1477, 1478 (TTAB 2000). Sanctions are also appropriate where a party fails to produce a witness after receiving proper notice, even if counsel indicates the witness will not attend, in the absence of a motion to quash filed prior to the deposition date. *See HighBeam Mktg., LLC v.*

*Highbeam Research, LLC*, 85 USPQ2d 1902, 1906 (TTAB 2008); *see also* Trademark Rule 2.120(h)(2); TBMP § 527.01(b). Although judgment is a harsh remedy, it is justified where there is a strong showing of willful evasion and no less drastic remedy would be effective. *Unicut Corp. v. Unicut, Inc.*, 222 USPQ 341, 344 (TTAB 1984); *see also Benedict,* 101 USPQ2d at 1093.

Fifth Generation brought the parent case more than three and a half years ago, and despite the Board granting a motion to compel (Prior Order II) and then denying two motions to quash (Prior Order III), Fifth Generation has been unable to obtain supplemental discovery responses or discovery depositions from Titomirov. Titomirov has failed to comply with Board orders regarding discovery by: (1) failing to properly supplement its discovery responses concerning Dr. Titomirov's presence in the United States, and (2) failing to make witnesses available for deposition.

In addition to its repeated failure to comply with discovery even after Board order, Titomirov also has attempted to evade discovery by misrepresenting: (1) the relationship between Titomirov and Dr. Sanger and Mr. Samuelson in an attempt to avoid its discovery obligations, and (2) Dr. Titomirov's residence as reflected by the contradictions between Titomirov's filings in this proceeding and the Affidavits of Confession of Judgment filed in the Supreme Court of the State of New York in June 2019. Titomirov's filings with respect to the motion for sanctions further evidence its willful evasion. Rather than address Fifth Generation's arguments, it filed two unsupported motions for extension of time, which were denied,[6] and filed a request

---

[6] Although extensions of time for good cause are granted liberally, Titomirov's perfunctory motions, with one sentence asserting a reason for good cause, and "vague" assertions

for a phone conference that appears to have been interposed for purposes of delay. Such dubious filings not only demonstrate Titomirov's dilatory intent, but also tax Board resources.

Together, these actions show a course and pattern of delay that evidence willful evasion of Titomirov's discovery obligations. On this record and based on all of Titomirov's actions before us, we find that Titomirov has continually failed to comply with Board orders and hampered reasonable procedures appropriate to resolution of this trademark conflict. *See Benedict*, 101 USPQ2d at 1093.

The lesser sanctions already imposed on Titomirov have had little effect. Even after sanctions were entered against Titomirov, it failed to comply with the order on Fifth Generation's motion to compel or make witnesses available for discovery depositions. We therefore foresee no prospect of future compliance in view of the continued pattern of dilatory tactics after Titomirov was first sanctioned. Any sanction short of judgment would be futile and unfair to Fifth Generation. *See Benedict*, 101 USPQ2d at 1093 ("The remedy of default judgment [under Trademark Rule 2.120(g)(1)[7]] was within the Board's discretion in view of Mr. Benedict's repeated failures to comply" with Board procedures and orders); *SFM, LLC v. Corcamore, LLC*, 129 USPQ2d 1072, 1079 (TTAB 2018) (granting judgment as a sanction under, inter alia, Trademark Rule 2.120(h)(1); "Respondent's conduct indicates that entry of any

---

regarding good cause, did not provide sufficient basis for the Board to grant such an extension. 53 TTABVUE, 56 TTABVUE.

[7] Trademark Rule 2.120(g)(1) was redesignated as Trademark Rule 2.120(h)(1), effective January 14, 2017.

sanction short of judgment would be futile. It is obvious from a review of the record that Respondent has been engaging for years in delaying tactics, including the willful disregard of Board orders, taxing Board resources and frustrating Petitioner's prosecution of this case."); *Baron Philippe de Rothschild S.A. v. Styl-Rite Optical Mfg. Co.*, 55 USPQ2d 1848, 1854 (TTAB 2000) (granting judgment as a sanction under Trademark Rule 2.120(g)(1) where "applicant and its counsel have engaged in a pattern of dilatory tactics, have purposely avoided applicant's discovery responsibilities in this case, and have willfully failed to comply with the Board's … order.").

## IV. Decision

In view of Titomirov's failure to comply with the Board's prior orders and its pattern and practice discussed above of avoiding its discovery obligations evidencing willful evasion, the motion for judgment as a sanction under Trademark Rule 2.120(h) is **granted**.[8] Accordingly, judgment is entered against Titomirov, Opposition Nos. 91226034 and 91235263 are **sustained**, and application Serial Nos. 86504543 and 87225767 are refused. Cancellation No. 92066395 is **granted**, and Registration No.

---

[8] "[T]he Board has the authority to control the disposition of cases, which necessarily includes the inherent power to enter sanctions." *Patagonia, Inc. v. Azzolini*, 109 USPQ2d 1859, 1861 n.8 (TTAB 2014) (*citing Carrini Inc. v. Carla Carini S.R.L.*, 57 USPQ2d 1067, 1071 (TTAB 2000)). Because we enter judgement under Trademark Rule 2.120(h) based on Titomirov's disregard of prior Board orders, misrepresentations to the Board concerning Dr. Titomirov's residence in the United States, and a continuing pattern of frustrating Fifth Generation's prosecution of this case, we need not consider whether the sanction of judgment should be entered pursuant to our inherent authority to enter sanctions. *See SFM, LLC*, 129 USPQ2d at 1078-79 (granting judgment as a sanction under Trademark Rule 2.120(h)(1) and the Board's inherent authority).

4807559 will be cancelled in due course. *See* Trademark Rule 2.120(h) and Fed. R. Civ. P. 37(b)(2)(C).